IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-93 |
| | ) | Civil No. 15-1310 |
| DIRK BARFIELD, JR., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I. INTRODUCTION

This matter is before the Court on an amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Defendant Dirk Barfield, Jr., which is opposed by the Government. (Docket Nos. 66; 74; 80; 84). Defendant argues that his sentence of 151 months' incarceration must be vacated in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 2556-57 (2015), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness and subsequent precedent applying *Johnson* to the residual clause in the career offender guideline, U.S.S.G. § 4B1.2(a)(2). (Docket Nos. 66; 80). In opposition, the Government maintains that Defendant was correctly deemed a career offender at the time of his initial sentencing and that he remains a career offender based on his prior convictions of possession within intent to deliver a controlled substance (cocaine) and aggravated assault, both of which qualify as predicate offenses without reliance upon the challenged residual clause. (Docket No. 74). The motion has been fully briefed and the state court records from the Court of Common Pleas of Washington County were procured by the Government and made part of the record before this Court. (*See* Docket No. 84). After careful consideration of the parties' positions and for the following reasons, Defendant's Amended Motion [66] is denied, and no certificate of appealability shall issue.

1

II. BACKGROUND

By way of background, on May 19, 2009, Defendant pled guilty pursuant to a plea agreement to one count of possession with intent to distribute and distribution of five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), for conduct occurring on or about August 21, 2008. (Docket Nos. 20; 21; 22; 50). As part of their plea agreement, among other things, the parties stipulated that Defendant was responsible for distribution of between 5 and 20 grams of crack cocaine; the United States agreed not to file an 851 information stating a prior conviction as a basis of increased punishment; and Defendant agreed not to seek a sentence below 120 months' (or 10 years') incarceration. (Docket No. 21 at ¶¶ B.3; C.2). The plea agreement did not address the potential for a career offender designation; however, at the change of plea hearing, Government counsel advised that Defendant was likely a career offender to which defense counsel concurred. (Docket No. 50 at 16-7, 27-8). The prosecutor also described the basis for the potential 851 Information that was withheld, i.e., a prior felony drug trafficking conviction. (*Id.* at 16-17).

On November 18, 2009, Defendant was sentenced to a term of imprisonment of 151 months, followed by a 5-year term of supervised release. (Docket No. 34). He was deemed a career offender under U.S.S.G. § 4B1.1, based on prior state court convictions for recklessly endangering another person, simple assault, and aggravated assault. (Docket Nos. 27 at ¶ I.6; 51 at 3). Defendant did not object to the career offender designation at the time. (*See, e.g.*, Docket Nos. 25; 30; 51). Rather, Defendant moved for a variance from the advisory guidelines range of 188-235 months' incarceration. (*Id.*). The Court granted the variance motion, in part, reducing the applicable guidelines range to 151-188 months' incarceration based on the disparities

2

between crack and powder cocaine, and imposed a sentence of 151 months, at the low end of that range. (Docket Nos. 31; 34; 35; 51).

In post-sentencing proceedings, Defendant sought a sentence reduction under 18 U.S.C. § 3582(c) based on the 2011 retroactive amendments to the crack cocaine guidelines. (Docket No. 38). The Court denied Defendant's motion, finding that he was ineligible for the sentence reduction under binding Third Circuit precedent and that he had otherwise been afforded the relief provided under the retroactive amendments by virtue of the Court's having granted the variance at the sentencing hearing. (Docket No. 45). On appeal, the United States Court of Appeals for the Third Circuit affirmed this Court's decision. *See United States v. Barfield*, 543 F. App'x 288 (3d Cir. 2013).

Defendant initially filed a *pro se* § 2255 motion and brief in support on October 8, 2015 seeking resentencing in light of *Johnson*. (Docket Nos. 56; 57). Thereafter, the Federal Public Defender entered an appearance on his behalf and moved for a stay of proceedings, which the Court granted, terminating the *pro se* motion, without prejudice. (Docket Nos. 59; 60; 61).

Through counsel, Defendant filed his Amended Motion to Vacate on July 6, 2016. (Docket No. 66). The Government initially sought a stay of proceedings pending the disposition of *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016), by the Supreme Court of the United States. (Docket No. 70). After reviewing Defendant's opposition, the Court denied the motion to stay and directed the Government to file its response. (Docket No. 73). As ordered, the Government filed its response on November 8, 2016, attaching online docket sheets from the Administrative Office Pennsylvania Courts ("AOPC") as proof of Defendant's prior controlled substance offense and aggravated assault and notifying the Court that it was attempting to obtain the certified conviction records from the Court of Common Pleas of

Washington County. ([Docket No. 74](#)). Defendant submitted a reply brief on December 1, 2016, arguing that the uncertified docket reports were not sufficient to prove the predicate offenses and maintaining his position that he no longer qualified as a career offender without the application of the now-unconstitutional residual clause. ([Docket No. 80](#)). Upon review of the parties' papers, the Court issued an order on February 14, 2017 directing the Government to submit a Status Report by February 21, 2017, advising as to the status of the state court conviction records. ([Docket No. 83](#)). On the Court's deadline, the Government filed its Status Report, along with the conviction records, including:

- certified copies of the charging document, sentence order and transcript of the plea and sentence hearing as to the aggravated assault conviction at Criminal Action No. 2006-02374; and,

- certified copies of the charging document and sentence order regarding the possession with intent to deliver crack cocaine conviction at Criminal Action No. 2005-01866.

([Docket No. 84](#)). The parties have not sought leave of court to make any further submissions and the Court considers Defendant's Amended Motion to be fully briefed and ripe for disposition.

### III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under [28 U.S.C. § 2255(a)](#) if such "sentence was imposed in violation of the Constitution or laws of the United States." [28 U.S.C. § 2255(a)](#). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *[United States v. Travillion](#)*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v.*

4

*United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV. DISCUSSION

Defendant argues that his prior convictions for recklessly endangering another person, simple assault, and aggravated assault no longer support a sentencing enhancement under Guideline § 4B1.1 after *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). (Docket Nos. 66, 80). In response, the Government concedes that Defendant's simple assault and reckless endangerment convictions do not qualify as valid predicate offenses. (Docket No. 74). Nonetheless, the Government argues that the career offender enhancement remains appropriate, based on two prior convictions: aggravated assault, under 18 Pa. C.S. § 2702(a)(4), which fulfills the so-called "force" or "elements" clause of U.S.S.G. § 4B1.2(a)(1); and possession with intent to deliver cocaine, under 35 Pa. Stat. § 780-113(a)(30), which is a

5

"controlled substance offense" under U.S.S.G. § 4B1.2(b). (*Id.*). In his Reply, Defendant contends that the Government has not submitted materials sufficient to establish that he was, in fact, convicted of a qualifying aggravated assault offense; however, he proffers no substantive challenge to the Government's contentions regarding his prior drug offense. (Docket No. 80). With leave of court, the Government responded to the alleged defects in the record by submitting the certified state court records regarding the prior convictions from the Court of Common Pleas of Washington County. (Docket No. 84). Having reviewed the state court records in light of the parties' arguments, the Court agrees with the Government that Defendant remains a career offender under the prevailing law and that his motion to vacate should be denied.

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2556-57. As this Court has observed, "[a]fter *Johnson*, the law has developed rapidly with decisions being rendered on challenges by offenders to other statutes and provisions of the Sentencing Guidelines that contain language similar or identical to the 'residual clause' of ACCA." *United States v. Hill*, No. 7-371, --- F. Supp. 3d ----, 2016 WL 7076929, at *3 (W.D. Pa. Dec. 5, 2016) (citations omitted). Such decisions, within this Circuit, have applied *Johnson* to the residual clause of Section 4B1.2(a)(2). *Id.* at **14-15. Two prior felony convictions that fulfill the force clause of Section 4B1.2(a)(1), or the "controlled substance offense" provision of Section 4B1.2(b), of course, remain valid grounds for a sentencing enhancement. *See* U.S.S.G. §§ 4B1.2(a)(1), (2), (b) (Aug. 1, 2016). In this context, the Government bears the burden of demonstrating that career offender status is proper. *See, e.g.*, *United States v. Dates*, No. 6-83, 2016 WL 5852016, at *3 (W.D. Pa. Oct. 6, 2016); *Hill*, 2016 WL 7076929, at *6 ("It is the Government's burden at sentencing to demonstrate the

applicability of a sentencing enhancement by a preponderance of the evidence.") (citation omitted).

Based on this Court's review of the record, the career offender enhancement in Defendant's case was expressly premised on "at least two prior felony convictions for a crime of violence or a controlled substance offense, specifically, convictions in the Washington County Court of Common Pleas, Washington, Pennsylvania, of Recklessly Endangering Another Person … Simple Assault… and Aggravated Assault at Criminal No. 2374-2006," as stated in the Court's Tentative Findings and Rulings. (Docket Nos. 27 at ¶ I.6; 51 at 3).  As is this Court's practice, the Tentative Findings and Rulings were incorporated into the record at sentencing after no objections were lodged to same by counsel for the parties.  (Docket No. 51 at 3).  The record reveals that the Court did not specifically refer to Defendant's conviction for possession with intent to distribute as grounds for the enhancement, although this conviction was referenced in the Presentence Investigation Report ("PIR") as a predicate offense and no objections were made to the PIR.  (*See* PIR at ¶ 24; Docket Nos. 25; 26; 51). Given the Government's present concessions that Defendant's simple assault and reckless endangerment convictions cannot serve as valid predicate offenses, (*see* Docket No. 74), the Court finds that the § 4B1.1 enhancement in Defendant's case was, in fact, based on only one potentially valid predicate offense, i.e., the aggravated assault conviction at Criminal No. 2374-2006 in the Court of Common Pleas of Washington County.

However, in this Court's estimation, an order vacating Defendant's sentence under 28 U.S.C. § 2255 is not warranted because the career offender enhancement is otherwise supported by two of the four predicate offenses that were initially identified in ¶ 24 of the PIR, both of which remain valid predicate offenses under either Guideline §§ 4B1.1(a)(1), (2) or (b).   With

respect to Defendant's prior drug offense, Defendant was not deprived of the benefit of customary process prior to sentencing as he was provided an opportunity to object to the conviction but did not do so. *See United States v. McColley*, No. 7-45, 2016 WL 1156520, at *3 (W.D. Pa. Mar. 24, 2016) (When a sentence was premised on now-invalid predicate offenses, even if other likely valid predicates exist, the sentence may be vacated and resentencing scheduled, if a defendant "has not had the benefit of a full and fair hearing, or other proceedings that typically occur prior to sentencing."); *see also United States v. Yeager*, No. 7-25, 2016 WL 3220479, at *1(W.D. Pa. June 10, 2016) (same). Indeed, defense counsel acknowledged the drug offense at the sentencing hearing, (Docket No. 51 at 8-9, 11), and it was central to the parties' plea bargaining, pursuant to which the Government agreed to not file an 851 Information, setting forth that particular conviction as a basis for increased statutory penalties and in exchange, Defendant stipulated that he would not seek a sentence below 120 months' (or 10 years') incarceration. (Docket No. 21 at ¶¶ B.3; C.2). Further, the certified state court records and the docket report submitted by the Government make clear that Defendant pled guilty to 35 Pa. Stat. § 780-113(30) and he was sentenced to 3 to 23 months' incarceration, (Docket Nos. 74; 84), confirming the information set forth by the Probation Office at ¶ 32 of the PIR. As the Court of Appeals has recognized, *see United States v. Edmonds*, 606 F. App'x 656, 660 (3d Cir. 2015), objections to prior convictions for possession with intent to deliver under 35 Pa. Stat. § 780-113(30) for ACCA purposes are "squarely foreclosed" by binding precedent in *United States v. Abbott*, 748 F.3d 154 (3d Cir. 2014). *Abbott* is equally applicable in the context of the sufficiency of the career offender guideline. *See, e.g., United States v. McBride*, 625 F. App'x 61, 64 n.5 (3d Cir. 2015). Defendant has not argued otherwise. (*See* Docket Nos. 66, 80).

Accordingly, Defendant's drug conviction supports both his original sentence and a career offender designation based on the current law.

Defendant's second potentially qualifying prior conviction arose under Pennsylvania's aggravated assault statute, 18 Pa.C.S. § 2702, which has been held divisible and subject to a modified categorical approach. *United States v. Lewis*, No. 15-368, 2017 WL 368088, *3 (E.D. Pa. Jan. 25, 2017). "[T]he 'modified categorical approach' [applicable to a divisible statute] permits a court to determine which statutory phrase was the basis for the conviction." *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) (citation omitted). To do so, the Court may look to record documents, as provided in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) and Third Circuit precedent interpreting same, namely, *United States v. Henderson*, 841 F.3d 623, 627-28 (3d Cir. 2016) and *United States v. Howard*, 599 F.3d 269, 272 (3d Cir. 2010). These cases stand for the propositions that "[a]ctual conviction documents, […] are not required to provide the requisite certainty demanded by the Supreme Court" in *Shepard*. *Henderson*, 841 F.3d at 632 (citing *Shepard* and *Howard*). Rather, this Court may utilize "other reliable judicial records," "including incomplete certified conviction records and docket entries" which the Court of Appeals has found may be deemed "records of the convicting court" under *Shepard*. *Id.* (internal quotations omitted); *see also United States v. Maldonado*, No. 10-288, 2016 WL 4206371, at *5 n. 5 (E.D. Pa. Aug. 9, 2016) (quoting *United States v. Howard*, 599 F.3d 269, 273 (3d Cir. 2010)) ("Uncertified docket entries 'are the type of judicial records that are permissible for sentencing courts to use to establish past convictions for sentencing purposes.'"); *United States v. Taylor*, 444 F. App'x 613, 614 n.3 (3d Cir. 2011) ("[W]e note that consideration of the uncertified docket from the AOPC was not improper in light of our decision in [*Howard*].").

9

Pertinent here, aggravated assault under 18 Pa.C.S. § 2702(a)(4) has been deemed a "crime of violence" within the meaning of the "force" or "elements" clause of U.S.S.G. § 4B1.2(a)(1). *United States v. Gorny*, 655 F. App'x. 920, 925 (3d Cir. 2016) (nonprecedential); *see also Lewis*, 2017 WL 368088, *3. Moreover, aggravated assault was, at the time of Defendant's sentencing, enumerated in Note 1 to Section 4B1.2, which provided that a "crime of violence" included "aggravated assault." *Johnson* did not invalidate the enumerated offenses listed in the Note, which have since been incorporated into the text of Section 4B1.2.[1] *Gorny*, 655 F. App'x at 927 n. 10; U.S.S.G. § 4B1.2(a)(2). Hence, following *Gorny*, a case which was prosecuted in this Court, a conviction for aggravated assault under 18 Pa. C.S. § 2702(a)(4) remains a valid predicate offense for career offender purposes and Defendant's objection to same is overruled.[2]

As noted, Defendant disputes that he was convicted of § 2702(a)(4), arguing that his sentence should be vacated and that resentencing should be held based on an alleged lack of sufficient proof that his conviction of aggravated assault was to that particular statutory provision. (Docket Nos. 66; 80). In opposition, the Government has supplied the Court with the

---

[1] The Court notes that the Sentencing Commission moved "aggravated assault" from the commentary to the body of § 4B1.2(a)(2), effective August 1, 2016. The provision now states:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a) (Aug. 1, 2016).

[2] The Court notes that 18 Pa.C.S. § 2702 was developed based, in relevant part, on Section 211.1 of the Model Penal Code. *See* 18 Pa C.S. § 2702, cmt. 1967. The relevant provisions are nearly identical. *Compare*, 18 Pa.C.S. § 2702(a)(4) ("A person is guilty of aggravated assault if he: […] (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon"); *with* Model Penal Code § 211.1(2)(b) ("A person is guilty of aggravated assault if he: (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.").

10

online docket sheet from the AOPC reflecting that Defendant pled guilty to aggravated assault under 18 Pa.C.S. § 2702(a)(4) at Count One of Criminal No. 2374-2006 as well as certified copies of the charging document, sentence order and the transcript of the plea and sentence hearing on September 10, 2007 in the Court of Common Pleas of Washington County. (*See* Docket Nos. 74-2; 84-1). Viewed collectively, the Court holds that these judicial records have sufficient indicia of reliability to support a finding, by a preponderance of the evidence, that Defendant pled guilty to aggravated assault 18 Pa.C.S. § 2702(a)(4) and was sentenced to 18-36 months' incarceration for such offense. *Hill*, 2016 WL 7076929, at *6. Notably, the information contained in the judicial records from the Court of Common Pleas and the AOPC is fully consistent with the information that was set forth in the PIR at ¶ 34, upon which the career offender enhancement was initially based. *Cf., United States v. Doe*, 810 F. 3d 132, 147 (3d Cir. 2015) (A PIR may be a *Shepard* document when the defendant does not object thereto.). Therefore, Defendant's aggravated assault conviction also serves as a valid predicate offense for career offender purposes under the current state of the law.[3]

---

[3] The Court notes that to the extent that Defendant's guilty plea was to the charge that he violated 18 Pa. C.S. § 2702(a)(6), the Court would hold, in the alternative, that a conviction under that subsection likewise constitutes a "crime of violence" under the force or elements clause. To this end, the Court is persuaded by the well-reasoned analysis of Judge Donetta W. Ambrose in *United States v. Jackson*, Crim. No. 10-235, 2016 WL 6839467, at *2 (W.D. Pa. Nov. 21, 2016) that a simple assault conviction under 18 Pa. C.S. § 2701(a)(3) is a valid predicate supporting the career offender enhancement under the force or elements clause based on binding Third Circuit precedent, namely *Singh v. Gonzalez*, 432 F.3d 533, 539-40 (3d Cir. 2006), which was not overruled in *Mathis v. United States*, --- U.S. ----, 136 S.Ct. 2243 (2016). Here, the only differences between the aggravated assault charge at § 2702(a)(6) and the simple assault statute at § 2701(a)(3) are the addition of the element that the offense was committed against "any of the officers, agents, employees or other persons enumerated in subsection (c)," and would include a police officer, as applied to Defendant's actual conduct in the underlying case. *Compare* 18 Pa.C.S. § 2702(a)(6) ("A person is guilty of aggravated assault if he: […](6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury."); *with* 18 Pa.C.S. § 2701(a)(3) ("Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he: […] (3) attempts by physical menace to put another in fear of imminent serious bodily injury.").

For all of these reasons, the Court concludes that Defendant's prior convictions for a drug offense and aggravated assault support the sentence originally imposed pursuant to Guideline § 4B1.1. Thus, he has not demonstrated that he is entitled to relief under Section 2255.

V. CONCLUSION

Based on the foregoing, Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [66] is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. *See* 28 U.S.C.§ 2253(c)(2). An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: February 28, 2017

cc/ecf: All counsel of record

Dirk Barfield, Jr. c/o Elisa Long, AFPD